### T. A. LAMBETH ET AL. V. T. E. McCLINTON ET AL.

#### (Case No. 1902)

1. CONSIDERATION—GOOD FAITH.—As consideration for certain goods, the vendee cancelled a debt due from the vendor to him, assumed several debts of the vendor, and gave his note for a considerable sum.   Creditors of the vendor claimed that the sale was fraudulent, and had the goods attached and sold, in a suit by the vendee, on the sheriff's bond.  *Held:*

   (1) It was error to charge the jury that they should find for the plaintiff the value of all the goods seized, if they believed that he purchased them, *or any part* of them, in good faith.

2. CHARGE.—See statement of facts for special charges held to have been properly refused.

APPEAL from Delta.   Tried below before the Hon. E. B. Perkins, special judge.

On June 15th, 1884, Mayer & Kahn, a wholesale house of Galveston, sued out an attachment against Harrison & Robertson, of Delta county, Tex., for $803, for goods bought in March, 1884, on four month's credit, and had same levied upon a lot of saloon goods and fixtures in Cooper, that were transferred on June 11, 1884, by Harrison & Robertson, to T. E. McClinton.   The suit was prosecuted

to judgment, attachment lien foreclosed, 'and the goods sold and proceeds of sale applied to the payment of the debt Harrison & Robertson were owing Mayer & Kahn. The goods transferred and levied on was all the property Harrison & Robertson owned subject to execution. The consideration of the sale to McClinton was $300 due him by them, $29 they owed McClinton Bros., and $500 they owed T. A. Lambeth, and $100 they owed Eppstein, of Sherman, and a note for $494.19 that McClinton executed to Harrison & Robertson or order, due one day after date, dated June 10, 1884, which was paid by McClinton to the payees September 10, 1884. He also paid Eppstein and Lambeth some months after the levy. On the day of the transfer Harrison & Robertson were indebted to parties around Cooper in small sums, and for attorneys' fees and court costs, besides the $803 due Mayer & Kahn, $500 due Lambeth, $329 due the McClintons and $150 due Eppstein, in all $1,782. They sold out to McClinton at original cost, less carriage of the goods, and $25 off the billiard tables, McClinton buying by the original invoices. The most of the Mayer & Kahn goods were in stock when McClinton purchased. Each of the invoices had the name of the purchaser, date of purchase and terms printed or written upon it.

He brought suit against T. A. Lambeth, who was sheriff of Delta county, and his bondsmen, and recovered judgment for. $1,379.30, and the sheriff appealed.

First special charge refused was: "If the jury believe from the evidence that McClinton purchased the stock and fixtures of the saloon of Harrison & Robertson, the consideration being part indebtedness to him, McClinton, and part by a promissory note for about $500, at a time when Harrison & Robertson were actually indebted to Mayer & Kahn, the attaching creditors, and the knowledge of such indebtedness could have been obtained by McClinton in the ordinary and prudent pursuit of such purchase, then the legal effect of said consideration by said promissory note, was to hinder and delay creditors, and the purchase was null and void as to attaching creditors; and if the jury believe Mayer & Kahn attached the same stock and fixtures for a valid debt after said purchase by McClinton, then the jury will find for the defendant." The second and third special charges were to the same effect.

*Templeton & Templeton* and *Terhune & Yoakum*, for appellants, on the validity of the sale, cited: Greenleve v. Blum, 59 Tex., 124; Seeligson v. Brown, 61 Tex., 114; Bateman v. McCreight, Tex Law Rev., vol. V, No. 37, p. 557; Fraim v. Frederick, 32 Tex., 294;

Huyler *v.* Dahony, 48 Tex., 234. On the refusal of the special charge, they cited: Greenleve *v.* Blum, 59 Tex., 126; Seeligson *v.* Brown, 61 Tex., 114; Humphreys *v.* Freeman, 22 Tex., 49; Fraim *v.* Frederick, 32 Tex., 307; Huyler *v.* Dahony, 48 Tex., 234.

On the charges of the court, they cited: Martel *v.* Somers, 26 Tex., 551; Hauley *v.* Bullock, 29 Tex., 216; Wade on Notice, secs.—; Briscoe *v.* Bronaugh, 1 Tex., 326; Sparks *v.* Dawson, 47 Tex., 138; Weaver *v.* Ashcroft, 50 Tex., 427.

*H. Chilton,* for appellees, on the special charges refused, cited: Seeligson *v.* Brown, 61 Tex., 114; Bump on Fraud. Conv., 226.

ROBERTSON, ASSOCIATE JUSTICE.—Whether the transfer by which the appellee acquired his title to the personal property seized by appellant was fraudulent or not, was the main question in the court below. The transaction which resulted in the transfer was single and indivisible, and must stand or fall as a whole. This is the view taken by the court below in the charge to the jury. The court directed the jury to find for the appellee the value of all the goods seized, if they should believe that he purchased them, *or any part of them,* in good faith. The goods were paid for by appellee ·partly in a debt due appellee, partly in the assumption of other debts due by the vendors, and partly in a note made by appellee, payable to the order of the vendors. If the jury believed the transaction was fair and unimpeachable, in so far as by it honest debts of the vendors were paid, and fraudulent as to the part of the consideration received in the form of appellee's note, still it was their duty, under any fair interpretation of the charge, to find the verdict rendered. The rule is certainly the reverse of that given by the court. Bump. on Fraud. Conv., 476.

The exception to the action of the court in refusing to admit testimony as to price realized at the sheriff's sale of the goods is not reserved in a proper bill, as it does not appear except from the questions what the appellant proposed to prove by the witness. Such testimony as the questions were calculated to elict was admissible. Black *v.* Sweeney, 63 Tex., 425.

The three special charges requested by appellant were properly refused. The case of Seeligson *v.* Brown 61 Tex., 182, does not support the radical doctrine contained in these charges.

The other assignments of error need not be considered. For the error in the charge of the court already pointed out the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 20, 1885.]